IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Metro Federal Credit Union,  )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>Federal Insurance Company,  )<br>   )<br>   Defendant.   ) | Case No.: 08 C 4087<br><br>Judge: David H. Coar<br><br>Magistrate Judge: Morton Denlow |

**MOTION TO DISMISS FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COMES Federal Insurance Company ("Federal"), by Donald L. Mrozek, Richard B. Polony and Nabil G. Foster, its attorneys, and states the following for and in support of its Motion to Dismiss the Complaint filed against it by Metro Federal Credit Union ("Metro") pursuant to Federal Rule of Civil Procedure 12(b)(6):

1. In Count I of its Complaint, Metro alleges that Federal breached its insurance contract with Metro by declining to pay a claim for loss Metro allegedly sustained arising out of loans it made to its customer, Arbor Green, Ltd. ("Arbor").

2. Specifically, Metro claims that its loss is covered by Clause 16 and/or Clause 17 of Financial Institution ForeFront Security by Chubb Credit Union Bond No. 82048405 (the "Bond") issued by Federal to Metro and attached to Metro's Complaint as Exhibit 1.

3. In relevant part, the Bond expressly excludes loss sustained by Metro resulting from the complete or partial non-payment of any loan or from any forgery or alteration unless covered by Insuring Clauses 1, 16 or 17. In relevant part, Insuring Clauses 16 and 17 of the Bond provide coverage for losses resulting directly from a fraudulent material alteration on certain types of documents specifically identified and defined therein.

4.      In order to establish that it is entitled to coverage under the Bond, Metro would have to prove, among other things, that certain Accounts Receivable Advance Requests ("Advance Requests") and/or Invoices described in the Complaint and attached as Exhibits to the Complaint are one of the types of documents identified and defined in Clause 16 or Clause 17 and that such were fraudulently materially altered.  For the reasons set forth below, Metro can not, as a matter of law, do so.

5.      Clause 16.A does not provide coverage, as a matter of law, for the loss claimed by Metro for one or both of the following reasons:

      a.      Neither the Invoices nor the Advance Requests upon which Metro relies to establish coverage are the type of document for which coverage is provided by Insuring Clause 16.A.

      b.      Neither the Invoices nor the Advance Requests were fraudulently "altered" as defined by Illinois law.

6.      Clause 16.B does not provide coverage, as a matter of law, for the loss claimed by Metro for one or more of the following reasons:

      a.      Neither the Invoices nor the Advance Requests are "written instructions" as required by Clause 16.B.

      b.      Neither the Invoices nor the Advance Requests contained a fraudulent handwritten signature of a Member, financial institution or Employee as required by Clause 16.B.

      c.      Neither the Invoices nor the Advance Requests were fraudulently "altered" without the knowledge or consent of such Member, financial institution or Employee as required by Clause 16.B.

7. Clause 17 does not provide coverage, as a matter of law, for the loss claimed by Metro for one or both of the following reasons:

   a. Neither the Invoices nor the Advance Requests are the type of document for which coverage is provided by Insuring Clause 17.

   b. Neither the Invoices nor the Advance Requests were fraudulently "altered" as defined by Illinois law.

8. In further support of this Motion, Federal incorporates the argument set forth in its Memorandum in Support of this Motion to Dismiss.

9. In Count II, Metro claims that Federal's declination of coverage constituted a "vexatious refusal to pay" within the ambit of 215 ILCS 5/155.

10. If the Court dismisses Count I, as a matter of law, it would confirm the correctness of Federal's declination of coverage. It necessarily follows that Federal could not, as a matter of law, have vexatiously refused to pay Metro's claim and Count II should also be dismissed.

WHEREFORE, Federal requests the Court to dismiss Metro's Complaint, with prejudice, because it fails to state a claim upon which relief may be granted.

Donald L. Mrozek, #1979620  
Richard B. Polony, #6227043  
Nabil G. Foster, #6273877  
Hinshaw & Culbertson LLP  
222 North LaSalle Street  
Suite 300  
Chicago, IL  60602-1081  
312/704-3000

HINSHAW & CULBERTSON LLP

By: /s/ Richard B. Polony  
        One of Its Attorneys

6350411v2 890306 54

## CERTIFICATE OF SERVICE

    I certify that pursuant to Local Rule 5.5, service of the foregoing Defendant Federal Insurance Company's Motion to Dismiss Filed Pursuant to Federal Rule of Civil Procedure 12(b)(6) was accomplished upon all Filing Users pursuant to the Court's Electronic Case Filing system on August 15, 2008.

                                          /s/ Richard B. Polony

6350411v2 890306 54